**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDULLAH HANEEF IBN-SADIIKA,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 3:19-CV-1069** |
| **v.** | : | **(Judge Mannion)** |
| **COMMONWEALTH OF PENNSYLVANIA, *et al.*,** | : | |
| **Defendants** | : | |

**O R D E R**

Presently before the court is a motion for recusal, (Doc. 62) as well as an Affidavit in support, (Doc. 63)[1], filed by *pro se* plaintiff Abdullah Haneef Ibn-Sadiika. For the reasons set forth below, the motion will be **DENIED**. The court will construe Plaintiff's motion pursuant to 28 U.S.C. §455(a), which provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). To determine if recusal is warranted pursuant to Section 455, the Court must objectively review its rulings and statements to determine whether a "reasonable man knowing all

[1] Which the court will construe as the plaintiff's brief in support as required pursuant to MDPA LR 7.5

the circumstances would harbor doubts concerning the judge's impartiality." *Conklin v. Warrington Twp.*, 476 F.Supp.2d 458 (M.D.Pa. 2007). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir.2000). "[W]hen deciding a motion for recusal under Section 455(a), the court need not accept the [m]ovant's allegations as true." *Cooney v. Booth*, 262 F.Supp.2d 494 (E.D.Pa. 2003).

Simply stated, the plaintiff's motion alleges, without an inkling of support, that the court (as well as the late Hon. A. Richard Caputo, to whom this case was assigned prior to his passing) is biased against him. He alleges that both judges have "engaged in ex parte communications and conspired with defendants and/or their counsels or employees … in [an] effort to shield and prevent the defendants … from having to Answer the complaint of the complainant because of … said judge(s) personal, religious and racial bias against [plaintiff], the African American and Sunni Muslim Complainant…" (Doc. 62).

Aside from these baseless allegations, the plaintiff has offered no evidence of *ex parte* communications, personal, religious or racial bias by

either of the named judges. Most strikingly because there is no such evidence. Unfortunately it appears that the plaintiff's true concern is that he disagrees with the court's legal rulings dismissing a number of frivolous and/or premature motions of his, (see e.g. Doc. 57). However, mere disagreement with the court's rulings, as noted above, do not represent a proper ground for recusal.

In light of the foregoing, the Plaintiff's motion to recuse is **DENIED.**

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

Dated: November 20, 2020
19-1069-02